## WILLIAM O. PROCTOR, Appellant, v. JAMES M. NANCE and BARNEY SMITH.

### Division Two, May 18, 1909.

1. **TAX DEED: Defendant's Name: Designated By Initials.** Where the title of record was in Robert Lee Hall, a suit, order of publication and judgment against R. L. Hall, and a sheriff's deed selling and conveying the interest of R. L. Hall, are all void, and do not convey the title to the purchaser, unless the said Hall ratified the sale.

2. ————: ————: ————: Void Sale: Ratification: Estoppel: **Taking Down Surplus.** A void tax sale may be ratified by the land-owner taking down and receipting for the surplus money bid at the tax sale after the taxes and costs were paid. So that where the record showed title in Robert Lee Hall and the suit and judgment were against R. L. Hall, and after the sale the amount bid and paid exceeded the taxes and costs by $4.75, and said surplus was paid into the county treasury and paid out to the mother of said Hall upon R. L. Hall's written

order, the said Robert Lee Hall thereby ratified the said void judgment, and is estopped to deny the validity of the sheriff's sale and deed; and a purchaser from Robert Lee Hall thereafter with notice is also estopped.

3. ————: **Estoppel: Ignorance.** Nor is the plea of estoppel unavailing because the said R. L. Hall was an ignorant man and did not appreciate the legal significance of his act. By the very fact of taking down the surplus he must have known that there had been a tax sale, and he cannot because of his ignorance be upheld in taking the money with one hand and claiming the land with the other.

4. ————: ————: **Refunding Surplus.** Nor can the said Hall avoid his ratification of the void judgment and sale by tendering into court the surplus money, in excess of the taxes and costs, applied for by and paid to him after the sale. The rights of the parties were fixed when the sale was ratified.

5. ————: **Void Judgment: Ratification: Notice to Assignee.** A purchaser, after the tax sale in a suit against R. L. Hall, by a quit-claim deed from Robert Lee Hall, stands in the shoes of said Hall, and if said Hall had ratified said sale by taking down the surplus money bid and paid at the tax sale, and is thereby estopped from disputing the validity of the sheriff's sale, so is said purchaser. Besides, if the sheriff's deed had been recorded the subsequent purchaser took with full notice thereof, and even though he did not have actual notice that Hall had taken down the surplus he must be held to have had constructive notice thereof.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard*, Judge.

Affirmed.

*John Morgan Atkinson* for appellant.

(1) The record title to the land in suit being in the name of Robert Lee Hall, the admitted common source of title, the sheriff's deed, order of publication, and taxbill, all being in the name of R. L. Hall are all void; and hence the sheriff's sale and all proceedings in pursuance thereto were void and did not give the court jurisdiction of Robert Lee Hall. Spore v. Land Co., 186 Mo. 650; Fillingham v. Brown, 187 Mo. 181;

Vincent v. Means, 184 Mo. 327; Burkham v. Manewal, 195 Mo. 500; Skelton v. Sacket, 91 Mo. 379; Turner v. Gregory, 151 Mo. 100. (2) There is not a single element of an equitable estoppel or an estoppel *in pais* in this record. 16 Cyc. 726; Bramell v. Adams, 146 Mo. 82; Action v. Dooley, 74 Mo. 63; Blodgett v. Perry, 97 Mo. 263; Taylor v. Zepp, 14 Mo. 488; Bank v. Morgan, 117 U. S. 96; Bloomfield v. Bank, 121 U. S. 121. (3) On the theory that said Hall by receiving said surplus had ratified said illegal sale of his land and that appellant, Proctor, stands in the same position that said Hall would, had he not sold to appellant and brought this suit, and that appellant is now estopped by what is known as estoppel by ratification, respondents are not entitled to recover, as shown by their admissions in this record. They admit the following facts as pleaded in the amended replication to be true: (1) "that at the time the said Hall authorized the payment of said surplus he had no knowledge or information that the said sale of lands in suit by said sheriff and the order of publication therein were void, and that said sale did not pass any title from said Hall; (2) that said Hall is an uneducated person and by accepting said surplus did not thereby intend to ratify said illegal sale of valuable tract of land for a mere nominal sum of $4.75; (3) that appellant at the time he bought the land in suit had no knowledge or information that there was any surplus from said sale, or that said Hall had ever authorized the payment of said surplus." One of the essential elements of an estoppel by ratification is that the person against whom this doctrine is invoked and in accepting the benefits charged, must have known the facts constituting the sale illegal. Austin v. Loring, 63 Mo. 19; Hartman v. Hornsby, 142 Mo. 373; Clyburn v. McLaughlin, 106 Mo. 525; Nanson v. Jacob, 93 Mo. 346; Anderson's Law Dic., p. 857; Smith v. Bank, 120 Mo. App. 549; Drakley v. Gregg, 8 Wall. 267; Freeman

on Judicial Sales, sec. 50; Kleber on Void Judicial Sales, sec. 473; Brewer v. Nash, 16 R. I. 460; Southard v. Perry, 21 Iowa 492; Pursley v. Hays, 17 Iowa 312; Test v. Larsh, 76 Ind. 462; Dolarque v. Cress, 71 Ill. 381; Borden v. Hodges, 154 Ill. 506; Smith v. Tracy, 36 N. Y. 83; Wilmore v. Stetler, 137 Ind. 132; San Diego v. Pac. Beach Co., 112 Cal. 63; 2 Bouvier, Law Dic., p. 824.

*Thos. F. Lane* and *Alfred Perkins* for respondents.

GANTT, P. J.—This is a suit brought under section 650, Revised Statutes 1899, to quiet the title to the southwest quarter of the northwest quarter of section 28, township 23, range 3 east, in Ripley county, Missouri.

The defendants were both personally served with the writ of summons. The petition alleges that the plaintiff is the owner in fee simple of and claims title to the said forty acres of land, and that the same is not in the actual possession of any person or persons, but is wild and uncultivated; that the defendants claim some title and estate in said real estate, the nature and character of which is unknown to plaintiff and cannot be described except that it is adverse and prejudicial to plaintiff. The prayer was that the court should try, ascertain and determine the title and interest of the plaintiff and of the defendants respectively, and by its decree adjudge the same.

The defendant Smith disclaimed any interest or title in the land. The defendant Nance filed the following amended answer:

"Now at this time comes defendant, and by leave of court first had and obtained, files his amended answer to plaintiff's petition, and denies each and every allegation therein contained.

"Further answering defendant says that he is the owner of the land described in said petition in fee simple.

"Further answering defendant says that plaintiff is estopped from setting up or claiming any right, title or interest in or to said land, because at the time he obtained the quitclaim deed under which he claims, signed by Robert Lee Hall, said land had prior thereto been legally sold for delinquent and back taxes, and a sheriff's deed made and delivered therefor to this defendant; that at the time plaintiff took the quitclaim as aforesaid from Robert Lee Hall, he knew he was the same person mentioned in the proceedings to enforce the State's lien for delinquent and back taxes, and called in said proceedings R. L. Hall, and that defendant's sheriff's deed was recorded in the deed records of Ripley county in Book 5 at page 421, on the 17th day of March, 1905, and that plaintiff took said quitclaim deed for a nominal consideration, and with full notice of all the facts surrounding the making of said sheriff's deed under which this defendant holds.

"Defendant further says that there was a surplus arising from the sale of the said land by the sheriff under the tax proceedings before mentioned in the sum of $4.75, which was paid over to one Jane Hall upon the order of R. L. Hall, who was the same person as Robert Lee Hall, and the same person who was sued in the tax proceedings aforesaid.

"Defendant further says that plaintiff well knew the fact that R. L. Hall or his assigns had received the surplus money arising from the sale aforesaid, when he received the quitclaim deed aforesaid from the said Hall, and then and there knew that the said Hall had recognized the validity of the service and notice in the tax sale, and the judgment and sale thereunder.

"Wherefore defendant prays the court to adjudge, order and decree that the defendant has the full legal and equitable title in and to said land described in

plaintiff's petition, and that plaintiff is forever estopped from setting up or claiming any right, title or interest in or to said land, and for costs of this suit.''

To which plaintiff filed the following replication:

''Now at this day comes the plaintiff, and for his amended reply to the new matter set up in the answer of defendant James M. Nance herein, denies each and every allegation thereof, except those which are hereinafter set out and specifically admitted.

''Plaintiff further replying admits that there was a surplus of $4.75 derived from the sale of the land in this suit by the sheriff of Ripley county, and that said sum was paid over by said sheriff to the county treasurer and credited by said treasurer to the surplus trust fund of said county, and that said surplus was paid to one Jane Hall on the order of Robert Lee Hall, the grantor under whom the plaintiff claims title; but plaintiff states and avers the fact to be that at the time the said Robert Lee Hall authorized the payment of said surplus he had no knowledge or information that the said sale of land in this suit by said sheriff and the order of publication therein was void, and that said sale did not pass any title from said Hall; that said Hall is an uneducated person and by accepting said surplus did not thereby intend to ratify said illegal sale of a valuable tract of land for a mere nominal sum of $4.75.

''Plaintiff further replying states and avers that at the time he bought the land in suit he had no knowledge or information that there was any surplus from said sale or that said Robert Lee Hall had ever authorized the refund of said surplus, and that neither the said Robert Lee Hall nor this plaintiff should in equity be estopped from claiming said land by reason of the refund of said surplus; but this plaintiff for said Robert Lee Hall and himself hereby tenders into court the said surplus of $4.75, being the amount refunded to said Hall as aforesaid, and asks the court

to order same paid by the clerk of this court to the county treasurer that same may be credited to the surplus trust fund of said county. Plaintiff having fully replied, prays for judgment in accordance with the prayer of his petition.''

On the trial it was admitted that Robert Lee Hall was and is the common source of title to said tract of land. It was then stipulated between counsel for the plaintiff and the defendant that the matters pleaded in the amended replication were true and might be considered as evidence in the case subject to an objection to the relevancy of the matters therein stated because they constituted no defense in law and no estoppel.

Plaintiff then introduced a quitclaim deed from Robert Lee Hall to plaintiff of date March 18, 1905, recorded March 30, 1905, in the deed records of Ripley county, whereby Robert Lee Hall in consideration of two dollars and other valuable considerations to him paid by plaintiff, the receipt of which was acknowledged, remised, released and quitclaimed unto the plaintiff the said forty acres of land. Plaintiff also made a tender in open court of $4.75, being the amount refunded said Robert Lee Hall under the tax sale.

The defendants to maintain the issues on their part offered and read in evidence a sheriff's deed of date April 7, 1903, and filed for record March 17, 1905, and recorded in book number 5, page 421, of the deed records of Ripley county by Neely Moore, sheriff of Ripley county, to James N. Nance, conveying the land in controversy.

This deed recited the judgment of the circuit court of Ripley county of the 6th day of December, 1902, in favor of the State of Missouri at the relation and to the use of John H. Nunnelee, collector of the revenue of Ripley county, against R. L. Hall, for the sum of $30.37, for certain delinquent state, county and special taxes and interest assessed and found by the court to be unpaid upon the southwest quarter of the

northwest quarter of section 28, township 23, range 3 east, for the years 1896, 1897, 1898, 1899 and 1900. The said taxes and interest thereon, clerk's costs, attorney's fees and collector's commissions amounted to $30.37, and the court costs of said suit amounted to $22.58, all of which were decreed to be a lien in favor of the State upon said real estate. The deed then recited the issue of a special execution and order of sale on said judgment against said R. L. Hall of date the 3rd day of February, 1903, and a levy of the said execution by the said sheriff on the 30th of February, 1903, upon the said real estate, and the giving of the notice of the time and place of sale as the law directs, and the offering of the said land for sale on the 7th day of April, 1903, at the court house of said county, at the April term, 1903, and that James Nance was the highest bidder for the said real estate for the sum of $74, and that the same was stricken off and sold to said Nance for that sum, in consideration of which the said sheriff assigned, transferred and conveyed said land to the said Nance. The deed was duly acknowledged in open court at the April term, 1903.

To the introduction of this deed the plaintiff objected for the reasons that the deed on its face purported to convey the title of R. L. Hall and not the title of Robert Lee Hall, who was the admitted common source of title, and because the order of publication in the said tax suit was against R. L. Hall while the record title was in the name of Robert Lee Hall, and for the further reason that the deed on file does not set out the taxes separately for each year for which the same was sold.

Plaintiff then offered in evidence the order of publication in the said tax suit, which was directed to R. L. Hall, as defendant, and otherwise was in the usual form and recited that the defendant was a non-resident of the State of Missouri, so that the ordinary process of law could not be served upon him.

The taxbill filed as an exhibit was against R. L. Hall dated August 4, 1902, for the taxes for the years 1896, 1897, 1898, 1899 and 1900, and was in due form except being against R. L. Hall.

At the close of the testimony the plaintiff requested the court to declare that under the law and the evidence the finding must be for the plaintiff and that the facts set out and admitted did not constitute an equitable estoppel, which the court refused to do, but rendered judgment for the defendant. In due time the plaintiff filed his motion for new trial, which was overruled by the court.

I. As it is conceded that Robert Lee Hall was the owner of the land in suit and the record title to the said land was in Robert Lee Hall, and plaintiff introduced a quitclaim deed from the said Robert Lee Hall conveying said land to plaintiff in due and regular form, it is at once apparent that this controversy is narrowed down to the effect to be given the sheriff's deed to the defendant Nance under the judgment for taxes against R. L. Hall. In view of the numerous decisions of this court, beginning with Skelton v. Sackett, 91 Mo. 377, it must be held that the order of publication and the judgment rendered thereon and the sheriff's deed in pursuance thereof did not convey the title of Robert Lee Hall to the land in suit as the said Hall was designated only as R. L. Hall, unless the said Robert Lee Hall and the plaintiff are estopped by the other facts appearing in the record to be now noticed. [Turner v. Gregory, 151 Mo. 100; Vincent v. Means, 184 Mo. 327; Spore v. Land Co., 186 Mo. 656; Gillingham v. Brown, 187 Mo. 181; Burkham v. Manewal, 195 Mo. 500.]

II. This brings us to the question of estoppel pleaded by the defendant Nance in his answer, and admitted in the reply of the plaintiff.

From these admissions in the pleadings it appears that out of the purchase money paid by the defendant Nance for said land at the sheriff's sale, all the taxes were satisfied and all the costs, and that there remained a surplus of $4.75, and this sum the sheriff paid into the county treasury and was credited by the treasurer to the surplus trust fund of said county and afterwards the said R. L. Hall gave his order upon the county treasury for the said sum of $4.75 to Jane Hall, and the same was paid to her by the treasurer and this was all done before the said Robert Lee Hall made his quitclaim deed to the plaintiff in this case for the said land.

The plaintiff in this court is in the same position that Hall, his grantor, would occupy if he had brought the suit. As the defendant's deed had been duly recorded plaintiff took with full notice thereof, and while he avers in his replication that he had no knowledge that there was any surplus from said sale or that Hall had given the order to Jane Hall for said surplus, he does not deny that he had notice of the defendant's deed, besides his claim to the land is merely by virtue of a quitclaim deed and he is not an innocent purchaser without notice.

To obviate the effect of Hall demanding and receiving the surplus of the purchase money paid by the defendant Nance at the sheriff's sale, plaintiff pleads that Hall at the time he gave the order for said surplus had no knowledge that the sale was void, and that Hall was an uneducated person and did not intend to ratify said sale by receiving said surplus. But the very character of the transaction of taking the surplus of the sale necessarily advised Hall that his land had been sold and that this was a part of the purchase money paid by the defendant at the execution sale. It carried notice upon its face, or at least was of that unequivocal nature that it put Hall upon inquiry as

to the source of that surplus and why it was there in the treasury for him, and it must be held that he had notice that his land had been sold for the taxes under the tax judgment. He had the option to refuse to take down this surplus and bring his action to remove the cloud from his title, or he could ratify the sale even though it was a void judgment, and thereby estop himself from disputing the validity of the proceedings under which the land had been sold.

In Austin v. Loring, 63 Mo. 19, the judgment was void for want of jurisdiction before the land was sold under the judgment and the defendant demanded and received from the sheriff the surplus of the proceeds of the sale after the satisfaction of the judgment. After that, as in this case, he conveyed the land by quitclaim to a third party, and this court, speaking through WAGNER J., of that transaction, said: ''But no person will be allowed to adopt that part of a transaction which is favorable to him, and reject the rest to the injury of those from whom he derived the benefit. When those who are entitled to avoid a sale adopt and ratify it, equity will estop them from afterwards setting it aside. When a sale of land is made no person can be permitted to receive both the money and the land. And it has been held, in the application of this principle, that it makes no difference whether the proceedings under which the sale occurs are voidable or wholly void, in consequence of the want of jurisdiction. In 2 Smith's Lead. Cas. (5 Am. Ed.), p. 662, the author says that when those who are entitled to avoid a sale adopt and ratify it, by receiving the whole or any part of the purchase money, equity will preclude them from setting it aside subsequently for reasons that are too plain for statement. [Stroble v. Smith, 8 Watts 280; Commonwealth v. Shuman's Adm'rs, 6 Har. 343; Smith v. Warden, 19 Pa. St. 424.] 'When a sale is made of land,' said LEWIS, J., in Smith v. Warden, 'no one can be permitted to receive both

the money and the land.    Even if the vendor possessed
no title whatever at the time of the sale, the estoppel
would operate upon a title subsequently acquired.    It
was held by this court, in Commonwealth v. Shuman's
Admr's, that equitable estoppels of this character ap-
ply to infants as well as to adults, to insolvent trus-
tees and guardians as well as to persons acting for
themselves, and have place as well when the proceeds
arise from a sale by authority of law as when they
spring from the act of the party.    A party will not be
allowed to indulge in bad faith and make innocent pur-
chasers the sport of his tricks.    When a sale is void
the reception of the purchase money renders it valid.
[Adlum v. Yard, 1 Rawle 171; Furness v. Ewing, 2
Barr 479.]    These principles are founded' on elevated
morals, common honesty and pure good faith, and are
co-extensive with the principles of the mischief which
they are designed to counteract.    Where a party has
taken the fruits of a judicial proceeding, he should
not afterwards be heard to question it.    Though an
estoppel may debar the truth in a particular case, yet,
as was said by the Supreme Court of the United States
in Van Rensselaer v. Kearney (11 How. 326), it im-
poses silence on the party only when in conscience and
honesty he should not be allowed to speak.' "

In this case the defendant Nance had the means
of knowing whether the proceedings in the tax case
were valid or void and so far bid at his peril, but he
paid his money in good faith, and Hall, with knowledge
that the defendant had bought and paid for the land
and that this purchase money had gone to the satisfac-
tion of the taxes on the land, demanded and received
the surplus from the treasury, and thus must be held
to have ratified the sale.    The doctrine announced in
Austin v. Loring, 63 Mo. 19, has recently been reaffirm-
ed and approved by this court In Banc, at this term of
this court, in the case of Cape Girardeau & Thebes

Bridge Terminal Railroad Co. v. Southern Illinois & Missouri Bridge Co., 215 Mo. 286.

The attempt of the plaintiff herein to avoid the effect of taking down this surplus and ratifying the sale by tendering back the amount of the surplus into court to be repaid to the county treasury was futile, as the rights of the parties were fixed when the sale was ratified by the demanding and receiving of said surplus by Hall, the grantor for the plaintiff herein. Nor do we think the plea that Hall was an uneducated person and did not intend by receiving the surplus to ratify the sale, can avail the plaintiff in this case. There is not the slightest pretense that the defendant Nance, or for that matter, any other person, made any false representation to Hall to induce him to accept said surplus, and in the absence of some overreaching of him in this matter his ignorance of the law cannot be allowed to nullify his act in taking a part of the purchase money.

In our opinion the defendant Nance is entitled to the benefit of this principle of estoppel in this case. The record discloses that he paid $74, which was applied in part to the payment of taxes for five years, which Hall had neglected to pay, and the plaintiff stands in the attitude of having given only two dollars for this tract of land with full knowledge that defendant Nance had bought and paid his money to satisfy said taxes and costs. We think the doctrine announced in Austin v. Loring, supra, is just and equitable and should apply to the facts of this case, and accordingly the judgment of the circuit court is affirmed.

*Burgess* and *Fox, JJ.,* concur.