JAMES CLELLAND, Appellant, v. MAGDALENE S. CLELLAND and M. J. WATTENBARGER.

Division Two, December 31, 1921.

1. **DOWER: Unassigned: Sale Under Execution.** The rule at common law, recognized by statute (Secs. 347, 316, R. S. 1919), was that the widow's dower, consummate upon the death of her husband, is not real estate but a mere chose in action, or a cause of action, and cannot be conveyed, or levied upon and sold under

Clelland v. Clelland.

execution for her debts, until it is assigned; and therefore a sheriff's sale of her unassigned dower, in pursuance to a judgment against her for debt, is void, and the judgment creditor can maintain suit to have dower assigned, unless he is estopped to question the validity of the sale.

2. ———: Assignment: Purchaser at Execution Sale: Permitted to Become Defendant: No Exception. In a suit brought against a widow by her judgment creditor to have dower assigned in her husband's lands, whether or not the trial court erred in permitting the purchaser at the execution sale under said judgment to be made a party defendant and to plead that said creditor is estopped to maintain said suit, and whether or not the trial court erred in overruling the plaintiff's motion to strike out of the widow's separate answer her plea of estoppel, are not for consideration on appeal where the record shows no exception to the trial court's action in permitting said purchaser to be made a party, and shows no exception to the overruling of the motion to strike out.

3. ———: ———: Sale Under Execution: Estoppel. Where one receives and retains the proceeds of a judicial sale of his land, he cannot afterwards be heard to assert that the sale was void. Where the creditor of a widow obtained judgment against her for debt, caused execution to issue and her unassigned dower to be sold, and received from the sheriff and retained the money paid by the purchaser, he cannot subsequently maintain suit against the widow and such purchaser to have her dower assigned, for such acts constitute estoppel, and such suit is inconsistent with the position he thus voluntarily assumed.

4. ———: ———: ———: ———: Through Acts of Attorney. One who receives and retains the proceeds of a sheriff's sale of the widow's unassigned dower in her husband's lands, even though he did not cause the sale to be made, is estopped to question the validity of such sale, even though in fact it be void. Where the attorney of the creditor of the widow obtained judgment against her for debt, caused execution to issue and to be levied against her unassigned dower, bid at the sale and retained the sheriff's check for the net proceeds of the money paid by the successful bidder, the creditor is estopped to maintain a suit to have dower assigned. And although the attorney at the trial explains that he lost the check and could not return it, yet if the creditor does not offer to return the amount paid by the purchaser, but on the contrary his attorney at the trial asserts that the creditor had a right to retain the proceeds of the sale, the creditor is estopped to maintain the suit. A party to a suit is bound by the acts of his attorney in causing a judicial sale to be made in his name, and cannot be heard to

assert that said sale is void, if his attorney retains the proceeds of said sale and he does not offer to put the purchaser in the position he occupied before he paid out his money for the sheriff's deed.

5. ———: ———: ——·——: ———: **Payment After Trial.** Testimony offered in support of the motion for a new trial that; after the judgment in plaintiff's suit to have dower assigned was rendered for defendants upon their plea of estoppel, plaintiff paid back to the purchaser of the widow's unassigned dower at the sheriff's sale under execution the amount of his bid, cannot affect the judgment so rendered or the propriety of a ruling on the motion.

Appeal from Sullivan Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*D. M. Wilson* for appellant.

(1)   The action right of a widow to dower before an assignment of it to her is not such an estate or interest in land as can be levied on and sold under an execution against her; the dower must be assigned to her. Waller v. Mardus, 29 Mo. 25.   (2)   A sale of a widow's interest in her husband's real estate before dower is assigned to her is void, and the sheriff's deed conveys no title; and this is true no matter if the full value of the interest has been paid. The rule must be uniform, and cannot be made to depend upon the amount realized by the sale. Waller v. Mardus, 29 Mo. 25.   (3)   Wattenbarger did not ask to have the money he had paid the sheriff returned to him. The prayer of his answer was that the void title he acquired as he alleged by his deed be made valid, and that the widow's dower be vested in him. This the trial court under the above authority had no right to do.   (4)   No one has the right to be made a party defendant over the objection of the plaintiff. Sec. 1732, R. S. 1909; Boyer v. Hamilton, 21 Mo. App. 520; Kortjohn v. Seimers, 29 Mo. App. 271; Skinner v. City of Slater, 159 Mo. App. 589; State v. Railway, 193 S. W.

932; Addison v. Bank, 226 S. W. 322. (5) But even if the right to be made a party be contended, it is a right discretionary with the court, and the burden is on the movant to not only set out the grounds entitling him to be made a party defendant, but also to prove them. Such discretion is not properly exercised, but is abused, when without any proof being offered and on only a general allegation that one "is interested in the subject-matter of the action" he is permitted to become a party and file an answer. (6) A motion to strike out an answer, or a count of an answer, is in reality a demurrer and should be so considered and treated. Shohoney v. Railroad, 231 Mo. 131; Clark v. King, 178 Mo. App. 381.

*W. F. Calfee* and *J. P. Painter* for respondents.

(1) The motions of appellant to strike out portions of respondents' answers are not properly before the court. Having failed to file bill of exceptions, same is waived by abandoment. Shohoney v. Railroad, 231 Mo. 148. (2) Any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff. Sec. 1158, R. S. 1919; State to use v. Hudson, 86 Mo. App. 501. (3) The doctrine of estoppel is far reaching in its effect, extending to real as well as personal estate. 21 Corpus Juris, pp. 1117, 1118; Bank of Neelyville v. Lee, 193 Mo. App. 537; Rice v. Bunce, Admr., 49 Mo. 231; Ming v. Olster, 195 Mo. 460.

WHITE, C.—The suit is to have dower assigned in certain land, in Sullivan County; the plaintiff was a judgment creditor of the alleged doweress, Magdalene S. Clelland, the widow of Robert C. H. Clelland, who died intestate in May, 1912, seized of the land in dispute. In March, 1918, the plaintiff recovered judgment against her in the sum of six thousand odd dollars. These facts are set up in the petition, which then alleges that no dower ever has been assigned to the defendant Magdalene S. Clelland, and prays that it be assigned to her.

The suit was brought under the provision of Section 347, Revised Statutes 1919, which gives a creditor

of a widow the right to institute a proceeding to have dower assigned to her, manifestly so that he may subject her interest to the payment of his debt.

The action was begun against Magdalene S. Clelland alone. On the 9th day of November, 1918, M. J. Wattenbarger filed application to be made a defendant, which application was sustained; afterwards he filed a separate answer, in which he admitted the facts stated in the petition, and alleged that the plaintiff had caused execution to be issued upon the judgment which he had obtained against the defendant Magdalene S. Clelland, and caused her interest in said land to be levied upon and sold under said execution on the tenth day of May, 1918; that at said sale the defendant Wattenbarger became the purchaser of the land for the price of $150, which amount he paid to the sheriff, receiving the sheriff's deed to said land; that the purchase price paid the sheriff as aforesaid was paid to the plaintiff, and that the plaintiff received and retained the same, and is therefore estopped from questioning the validity of the sale under said execution.

The defendant Magdalene S. Clelland also filed a separate amended answer, setting up the same facts regarding the alleged estoppel.

On the trial of the case it was shown that at the execution sale the defendant Wattenbarger was the highest bidder and paid the sheriff the sum of $150; that the sheriff, after deducting thirty dollars, the costs and expenses of the sale, delivered his check for the balance—one hundred and twenty dollars—to the attorney for the plaintiff. There were several bidders at the sale, including plaintiff's attorney, Mr. Wilson.

Mr. Wilson testified that the sheriff's check for one hundred and twenty dollars was sent to his client, the plaintiff, and the plaintiff returned it to him, the attorney; that he had not cashed it, but had lost it. In the meantime he had found the sale was illegal, and was willing to return the check to the sheriff if he could find it, though he thought Wattenbarger was not entitled to

it. On cross-examination he asserted that he still had the check, but he had told Wattenbarger that he would pay him back his hundred and fifty dollars. There was no evidence of a tender.

On this evidence the court found the issues for the defendants. The judgment recites the facts in relation to the execution, sale, and purchase by Wattenbarger, the payment of the money to the sheriff, the execution and delivery of a sheriff's deed to Wattenbarger, and finds that the plaintiff is estopped to maintain the suit.

The appellant's abstract of the record states that on the hearing of his motion for new trial, evidence was offered and received by the court showing that the plaintiff—evidently since the trial—had paid back to Wattenbarger the one hundred and fifty dollars, purchase price. Respondent asserts the record shows no such fact. The court overruled the motion for new trial and plaintiff appealed.

I. The common-law rule is that the widow's dower, consummate upon the death of her husband, is not real estate, but a mere chose in action, or a cause of action, and cannot be conveyed or levied upon as real estate until it be assigned. [Waller v. Mardus, 29 Mo. 25; Young v. Thrasher, 61 Mo. App. 413; Carey v. West, 139 Mo. 177; Walker v. Alverson, 30 L. R. A. (N. S.) 1. c. 117, note.]

Dower.

This common-law rule has not been changed by statute in this State. Our statute recognizes the rule, because Section 347, Revised Statutes 1919, authorizes a creditor to have dower assigned so that he may levy upon it, and Section 316, Revised Statutes, 1919, authorizes a widow to convey her unassigned dower, which otherwise was not vendable. Therefore the sheriff's sale must be declared void, unless plaintiff is estopped to question its validity.

II. Appellant assigns error to the action of the court in permitting Wattenbarger to be made party de-

**Adding Party Defendant.** fendant. It is argued that while under Section 1158, Revised Statutes 1919, a plaintiff may make party defendant anyone against whom he wishes to have an adjudication, he cannot be compelled to sue a person whom he does not desire to bring into the controversy, where such person would not be affected by the result unless made a party. The Courts of Appeals in several cases have held that to be the rule. [Addison v. Dent County Savings Co., 226 S. W. 322, and cases cited.]

The appellant filed a term bill of exceptions in which the proceeding of the court in making Wattenbarger a defendant is set out. This recites that when the court made the order sustaining Wattenbarger's application, "the plaintiff then and there objected at the time." No exception was noted.

The plaintiff then filed a motion to strike out that part of the answer of Magdalene Clelland which sets up the purchase by Wattenbarger and estoppel of defendant. This motion was overruled, no objection was made and no exception saved to the ruling. This court, therefore, is precluded from reviewing the alleged errors in permitting Wattenbarger to be made a party and overruling the motion to strike out the answer of Magdalene Clelland.

III. Where one has the right to accept or reject the benefits of a transaction and takes and retains the benefits, he is afterwards estopped to take position inconsistent with the one thus assumed. Where one receives and retains the proceeds of a judicial sale of his land, he cannot afterwards be heard to assert that the sale was void. [Proctor v. Nance, 220 Mo. 104; Milan Bank v. Richmond, 280 Mo. l. c. 38, 39, 40, and cases cited.]

In this case the plaintiff's attorney caused execution to issue upon plaintiff's judgment, and to be levied upon the land in suit, caused the land to be sold, bid upon it at the sale, and received and retained the sheriff's check for the net proceeds of the sale. He explained that he

had lost the check and could not return it to the sheriff, at the same time claiming that the plaintiff had a right to retain the proceeds of the sale.

If the plaintiff had received and retained the proceeds of the sale of his land, even though he had not caused the sale, he would be estopped to question the validity of the sale although in fact it was void. Where he, through his attorney, caused the sale to be made under execution upon his own judgment, he is bound by the acts of his attorney who had the conduct of the case and is estopped to declare the sale is void, at least in the absence of any offer to put the purchaser in the position he occupied before paying out his money.

There was no offer by plaintiff to put Wattenbarger *in statu quo* before the judgment was rendered, but he says on the hearing of his motion for new trial the plaintiff offered evidence to show that Wattenbarger has been paid back his one hundred and fifty dollars, a fact disputed by respondent. If he reached an agreement with Wattenbarger it would have been easy for Wattenbarger to make a conveyance to him and thus settle their differences. Such subsequent transaction of the parties would not affect the judgment as rendered, and would not affect the propriety of the ruling on the motion for new trial.

The judgment is affirmed. *Railey* and *Reeves, CC.,* concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.