GRACE SCHULTZ, Plaintiff-Appellant, *v.* DONALD GERSTEIN, Defendant-Appellee.

Second District   No. 75-388

Opinion filed July 12, 1977.

Dom J. Rizzi, Michael Rathsack, and Donald G. Zerwer, all of Chicago, for appellant.

Robert M. Bollman and Louis W. Brydges, of Diver, Brydges, Bollman, Grach & Riseborough, of Waukegan, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This appeal arises out of the confusion that frequently occurs where a father and son have the same name, except that the father is designated as Senior (Sr.) and the son is designated as Junior (Jr.). On December 4, 1972, the plaintiff filed a complaint seeking damages for personal injuries arising out of an automobile accident that occurred on July 25, 1972, at Fox Lake Road and Broadway in McHenry County, Illinois. The complaint named "Donald Gerstein" as the defendant; summons was issued in that name and the sheriff was requested to serve the defendant as named above "at 1817 Oakleaf Dr., McHenry, Illinois"; the sheriff's return showed that service on the defendant of that name at the address

specified above was obtained on January 2, 1973. Within 30 days an answer to the complaint was filed by "Donald Gerstein, Sr." denying all of the material allegations of the complaint.

Approximately four months later, the plaintiff caused an alias summons to be issued and the sheriff was instructed to serve Donald R. Gerstein, Jr., at 1817 Oakleaf Drive, McHenry, Illinois; this summons was returned by the sheriff "not found." On June 13, 1974, a pluries summons was issued at the plaintiff's request and the sheriff was directed to serve the summons on Donald R. Gerstein, Jr., at 1308 E. Watts, Spring Grove, Illinois, c/o Mr. and Mrs. John Watson; this summons was returned by the sheriff, "not in area." On August 8, 1974, plaintiff caused a special deputy to be appointed to serve summons and another pluries summons was issued to Donald R. Gerstein, Jr., at the same address as the one issued in June 1974, and this was returned "defendant not found." On December 3, 1974, the plaintiff caused a pluries summons to be served upon "Donald Gerstein" and the affidavit of compliance stated that Donald Gerstein was a nonresident of Illinois and his last known address was 1817 Oakleaf Drive, McHenry, Illinois.

On April 1, 1975, a motion for summary judgment was filed by the defendant, "Donald Gerstein," by the attorneys who had filed an answer in behalf of Donald Gerstein, Sr., which motion stated that Donald Gerstein was served with summons on January 2, 1973, in this case and that he was not involved in any automobile accident on July 25, 1972. The affidavit attached to this motion stated, among other things, that at the time when he was served with summons in January of 1973, that Donald Gerstein, Jr., resided at 1817 Oakleaf Drive, McHenry, Illinois. In response to this motion for summary judgment, the plaintiff filed an unverified answer which in effect stated that Donald Gerstein, Sr., was not the named defendant in this suit and that Donald Gerstein, Jr., was involved in the automobile accident on July 25, 1972. The trial court granted the motion for summary judgment as to the defendant "Donald Gerstein" and it is from this order that this appeal is taken.

The trial court found *Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, to be controlling here. In that case, the plaintiff was injured in an automobile accident involving Bruce Yonker; the complaint named William Yonker as the defendant and the return of the sheriff showed service by leaving a copy with the wife of William Yonker. William Yonker filed an appearance but denied the material allegations of the complaint and, after the statute of limitations had run, the plaintiff sought to amend the pleadings to correct the name of "William Yonker" to read "Bruce Yonker." On appeal, the appellate court held that the plaintiff's motion to amend the pleadings was properly denied as the single issue presented was whether or not the plaintiff sued the proper party but under the

wrong name, or sued the wrong party. The court concluded that the plaintiff had sued the wrong party and further, stated that no service was attempted upon the defendant's son, Bruce Yonker, who was the driver of the car.

In the case before us the record reveals that the proper party was sued under the proper name; however, the designation "Jr." was not included and the wrong person, namely "Sr." elected to file an answer to the complaint. Thereafter, plaintiff made repeated attempts to obtain personal service on "Jr." and finally ended up effecting service upon "Jr." through the Secretary of State. Furthermore, the motion for summary judgment filed in this cause in the trial court, attached a copy of the McHenry County sheriff's accident report which showed that "Jr." was the individual involved in the accident in question. In view of the foregoing, it is very apparent that the plaintiff intended to sue "Jr." and that all of the parties and attorneys who appeared in this cause knew that "Jr." was the intended defendant in this action. Therefore, we conclude that *Stevens v. Yonker* is not dispositive in this case.

A similar situation was presented in the case of *Maher v. Deam* (Ohio App. 1956), 137 N.E.2d 149. In that case the complaint named James P. Deam as the defendant and alleged that he was driving an automobile involved in the collision with the plaintiff. The summons was served on James P. Deam and an answer thereto was filed by James P. Deam. At a pretrial conference, it was disclosed that an answer had been filed by the father and not the son of the same name who was actually involved in the accident. Plaintiff made a motion for leave to amend the petition and return of the sheriff and this was overruled by the trial court. It appeared that both the father and son resided at the same address at the time the summons was served. The Ohio Court of Appeals stated as follows:

"Now, who is the defendant in this action?

It is said that because the plaintiff failed to attach the suffix 'Junior' it follows that the father is the defendant. It seems to us by parity of reasoning it can be concluded that because the pleader failed to add the suffix 'Senior' the son is the defendant. The rule is that neither suffix is any part of the name. In an exhaustive annotation to the case of Proctor v. Nance, 220 Mo. 104, 119 S.W. 409, 132 Am. St. Rep. 555, at page 579, it is said:

'The word "Junior" or "Jr." or words of similar import are ordinarily mere words of description, and no part of a person's legal name.' A long array of cases are cited in support of the text.
* * *

In the case at bar all uncertainty is removed by the allegations of the petition in which it is expressly alleged that the defendant negligently caused the collision and plaintiff's injuries.

* * *

So we conclude that the petition sufficiently identifies the defendant without any additional designation * * *." 137 N.E. 149, 151-52.

The only difference between the Ohio case noted above and the case under consideration is the nature of the order from which the appeal is taken. In the Ohio case, the plaintiff sought to amend the petition to designate "Jr." as a defendant; the trial court denied this relief and the plaintiff appealed. In the instant case, the plaintiff did not seek to amend his complaint to designate "Jr." as the defendant, however, "Sr." sought and was granted a summary judgment and the plaintiff has appealed from that order.

In perusing the record in this case, we note that on June 12, 1974, a motion to quash was filed by the attorneys who filed the answer in behalf of Donald Gerstein, Sr., in this case. This particular motion to quash states as follows:

"Now comes the defendant, Donald Gerstein, Jr., sued herein as Donald Gerstein, by his attorneys, * * *."

The fact that this motion was filed by "Jr." was not raised or argued in this court by either of the parties.

The record in this case reveals the following as to Donald Gerstein, Jr.:

A. It is apparent that he was the party that the plaintiff intended to sue.

B. That service was effected upon him through the Secretary of State.

C. Attorneys have filed a motion to quash in his behalf.

D. No final judgment has been entered in reference to his liability as a defendant in this case.

■■■ Turning now to the order of the trial court from which this appeal has been perfected we find that "Sr." submitted himself to the jurisdiction of the court and took the risk of being found liable in this law suit. He was therefore entitled to use appropriate means to defend himself in that suit and one such tool was a motion for summary judgment. This motion was properly supported by an affidavit; however, the plaintiff failed to file a verified answer and unless a material fact set forth in a motion for a summary judgment supported by affidavit is contradicted by a counter affidavit, the alleged facts must be taken as true even when there are contrary facts in the opposing party's pleadings. (*Fooden v. Board of Governors* (1971), 48 Ill. 2d 580.) Because the trial court had before it no other equivalent to sworn testimony in opposition to "Sr.'s" position, there was no longer a genuine issue of material fact and "Sr." is entitled to a summary judgment as a matter of law.

On the basis of the foregoing analysis of the record in this case, we

remand this case to the trial court for further proceedings as follows:

1. That the order granting the summary judgment to Donald Gerstein should be amended to include the designation "Sr." and so as amended said judgment is affirmed.

2. That part of the order of the trial court stating that the plaintiff take nothing by her action and that the defendant go hence without day and that the plaintiff bear the costs is reversed.

3. The trial court shall undertake such further proceedings as it may allow against any other person made a defendant in this cause or any other person that plaintiff may have intended to sue or who may presently be subject to the jurisdiction of the trial court.

Affirmed in part; reversed in part and remanded for further proceedings in accordance with this opinion.

GUILD and NASH, JJ., concur.