Angela Solone, Plaintiff-Appellant, v. William D. Reck, Administrator de bonis non of the Estate of William Reck, Deceased, and Robert R. Reck, Defendants-Appellees.

Gen. No. 49,849.

First District, Fourth Division.

February 10, 1965.

Leonard E. Handmacher, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Meyers & Matthias, of Chicago (Donald W. Ford, of counsel), for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from a judgment notwithstanding the verdict in favor of defendant, Robert R. Reck. A jury trial on plaintiff's claim for personal injuries sustained in an automobile collision on July 28, 1956, resulted in a verdict and judgment for $10,000. In his post-trial motion defendant urged that a judgment notwithstanding the verdict be entered because the court had erred in not dismissing the complaint on the ground that the suit had not been filed within the two year period provided by Ill Rev Stats, 1961, c 83, § 15.

Defendant was not made a party to the action until March 30, 1962, when an Amendment to Second Amended Complaint at Law was filed. Plaintiff relies on Section 46(4) of the Civil Practice Act which provides in part:

> A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute . . . prescribing or limiting the time within which an action may be brought . . . , if all the following terms and conditions are met:

■■■■■■■■

. . . (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another; . . . For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended. (Sec 46(4), c 110, Ill Rev Stats, 1961.)

She argues that her failure to join defendant was inadvertent and that defendant had knowledge of the pendency of the suit by reason of service of summons upon his mother as Administrator of the Estate of William Reck (deceased) on August 20, 1957. The record discloses that an original suit was filed in 1956 against William Reck [1] as the owner and operator of the car involved in the collision. The answer of the administrator-defendant,[2] filed September 19, 1957, admitted that William Reck was the owner of the car but alleged that Robert Reck, the son of William Reck, was operating the automobile and was not acting as agent or servant of William Reck.

Defendant points out that since plaintiff was apprised of William Reck's defense of nonoperation and furnished the name of the operator ten months before the limitation expired, it devolved upon plaintiff to make Robert Reck a party defendant prior to the ex-

[1] Since William Reck died after the suit was filed, successive administrators of his estate were substituted as defendants. Joseph Solone, one of the co-plaintiffs, also died during the pendency of the suit. At the time of trial plaintiff dismissed the plaintiff, Joseph Solone, and the defendant Administrator of the Estate of William Reck.

[2] The answer to the Second Amended Complaint is set out in the Additional Amended Defense of Robert Reck.

piration of the limitation period. If she had wished to do so, she could have verified the facts through discovery.

In Robinson v. Chicago Nat. Bank, 32 Ill App2d 55, 61, 176 NE2d 659, the court stated:

In our view the word "inadvertence" means excusable ignorance, not excusable failure to act after the facts are discovered . . . . A plaintiff must act with reasonable diligence after the identity of the true defendants becomes known.

Plaintiff claims she relied on her own version and the corroborating statements of two copassengers as to the identity of the operator of the car. She did so at her own risk. The trial court properly found that "You (the plaintiff) were informed in ample time to make Robert Reck a defendant within the period of the Statute and you failed to do so."

In addition, plaintiff failed to show compliance with subsection (c) of Section 46(4) of the Civil Practice Act which permits the addition of a defendant after the statute has run only if there has been service of summons on such person, his agent or partner. The service on the mother as administrator could not be construed to be service on her as agent or partner of her son since she was neither his agent nor partner. Plaintiff maintains that since Mrs. Reck was the mother of Robert and he lived with her, service on him could have been effected by leaving a copy with her under Section 13.2 of the Civil Practice Act (Ill Rev Stats 1961, c 110, § 13.2). From this plaintiff argues that the previous service on the mother as administrator constituted compliance with Section 46 (4)(c). Substituted service under Section 13.2 of the Civil Practice Act cannot be held to be service on a person who is not a defendant at the time of service. There was, therefore, no prior service of summons

285

which could meet the requirements of subsection (c) of Section 46(4).

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and ENGLISH, J., concur.