JAMES COONEY, Plaintiff-Appellant, *v.* STACY McGILLIVRY, Defendant-Appellee.

Third District No. 78-187

Opinion filed November 9, 1978.

David L. Cover and Lawrence M. Solomon, both of Peoria, for appellant.

John P. Nicoara, of Baner & Nicoara, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff, James Cooney, commenced this action in the Circuit Court of Tazewell County seeking to recover damages for personal injuries resulting from the defendant, Michael McGillivry's, operation of an automobile. Pursuant to the defendant's motion for summary judgment the court entered judgment in favor of the defendant and the plaintiff has appealed.

Plaintiff filed his complaint on October 5, 1977, based on an incident occurring October 10, 1975. The complaint alleged that Stacy McGillivry was the driver of the automobile and that his negligent conduct caused injury to plaintiff. Within 30 days after filing of the complaint, but after the statute of limitations had expired, defendant filed his answer which included a denial that he was the operator of the automobile. Shortly thereafter plaintiff moved to amend the complaint by substituting Michael McGillivry, the son of Stacy, as the defendant and also moved to add Michael McGillivry as an additional party. Defendant objected to either of the procedures as the statute of limitations had expired and the court denied both motions. Thereafter the defendant moved for summary judgment, alleging that he was not the operator of the car and since this fact was undisputed, the court entered judgment in favor of the defendant. On this appeal plaintiff argues that he should have been permitted to name the son Michael McGillivry as the party defendant because the naming of Stacy McGillivry, his father, was a misnomer under section 21(2) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 21(2)). Defendant also argues that he should have been permitted to amend his complaint to include the son, Michael McGillivry, as an additional party pursuant to section 46(4) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(4)).

It is undisputed that defendant Stacy McGillivry was the owner of the automobile, he was not driving the automobile at the time of the incident, Michael was not the agent of his father, and finally, Stacy is the only defendant named in the complaint. It is also undisputed that Michael McGillivry was the operator of the automobile at the time and that he was not named as a defendant in the initial complaint.

In support of his motions the plaintiff attached some correspondence between his attorney and the insurance company which had issued a policy covering the operation of the automobile in which Stacy McGillivry was the named insured. The letters from plaintiff's attorney referred to Michael McGillivry as the operator of the automobile and the

correspondence from the insurance company referred to Stacy McGillivry as their insured. From the correspondence of the insurance company it appears there was no problem of coverage.

According to section 21(2) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 21(2)), misnomer of a party is not a ground for dismissal, but the name of any party may be corrected at any time, on motion, upon any terms and proof that the court requires.

■■ According to plaintiff, there was a misnomer because the wrong party was not sued, but instead, the right party was sued under the wrong name. However, this position was rejected in *Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, 298 N.E.2d 395, a case in which the facts are legally indistinguishable from those at bar. In the *Stevens* case the father was named as defendant operator of the automobile which in fact was being operated by his son. Although plaintiff in the case at bar insists that the correspondence he sent to the insurance company referred to the son, thereby warranting the conclusion he had not sued the wrong party, we fail to see how the father in the case at bar was any less the wrong party than the father in the *Stevens* case. We find no error in the judgment of the trial court denying plaintiff's motion to correct the name of the defendant as a misnomer.

Next we consider whether the plaintiff should have been permitted to amend his complaint by adding an additional party pursuant to section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(4)). Among the requirements of this section, subsection (c) provides in relevant part that "service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another". Subsection (d) provides that "the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him."

In our opinion the requirements of subsections (c) and (d) have not been met. Notwithstanding the plaintiff's insistence to the contrary, the father was not the agent of the son. In *Solone v. Reck* (1965), 55 Ill. App. 2d 282, 285, 204 N.E.2d 614, 616, the court held "Substituted service under Section 13.2 of the Civil Practice Act cannot be held to be service on a person who is not a defendant at the time of service."

■■ In summary it should be noted that common to both theories which might have offered some relief to the plaintiff is the requirement that the real party against whom relief is sought should have had notice not of the claim, but of the pendency of the lawsuit before the statute of limitations had expired. Plaintiff's failure to show the real party had such notice is fatal.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

SCOTT, P. J., and STENGEL, J., concur.