MARIA CIGAN, Plaintiff-Appellant, *v.* ST. REGIS HOUSE HOTEL, Defendant-Appellee.

First District (2nd Division)    No. 78-1726

Opinion filed June 12, 1979.

Jeffrey Gottlieb and Kenneth A. Dean, both of Palatine, for appellant.

George J. Cullen, Ltd., of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff, Maria Cigan, appeals from an order of the circuit court of Cook County dismissing her motion to amend the process, pleadings and judgment as entered against the St. Regis House Hotel on October 31, 1977. This judgment originated in an award by an arbitrator for the Illinois Industrial Commission on August 10, 1973. The award was registered with the circuit court of Cook County ordering the St. Regis House Hotel to pay $12,494.50 plus interest. Plaintiff endeavored to have the judgment below amended to include St. Regis Hotel d/b/a St. Regis House Hotel and Merryman Hotel Corporation d/b/a St. Regis House Hotel. The issue on appeal is whether the trial court erred in not finding that the original designation of St. Regis House Hotel as defendant is a misnomer for which amendment following judgment is allowed by section 21 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 21(2)).

On January 7, 1972, Maria Cigan was injured during an armed robbery at her place of employment. Subsequently a claim was filed with the Illinois Industrial Commission and a hearing ensued. It appears that notices of this hearing and of the subsequent order were sent to the St. Regis House Hotel at 516 North Clark Street, Chicago, Illinois. The arbitrator found that plaintiff was injured in the course of her employment as a waitress and that an employer-employee relationship existed between plaintiff and the St. Regis House Hotel. An award of $12,494.50 plus interest of 6 percent was made. The hearing was ex parte because no attorney appeared on behalf of the St. Regis House Hotel. No appeal was taken from the arbitrator's decision although a copy of the order was sent to the St. Regis House Hotel at the above address.

Four years later, on August 31, 1977, plaintiff filed an application for entry of judgment in accord with final decision of the Illinois Industrial Commission. Defendant appeared on October 27, 1977, by its attorney, Edward F. Downey, designating itself variously as the St. Regis House Hotel, St. Regis (House) Hotel, and St. Regis Hotel in a verified reply to plaintiff's motion to enter the award. Shortly thereafter, on October 31, 1977, defendant filed a motion to set aside award of arbitrators of Illinois

Industrial Commission. Following these motions, an order was entered by the circuit court of Cook County on behalf of plaintiff against defendant, St. Regis House Hotel, for the amount of the arbitrator's award, $12,494.50. plus interest of 6 percent. Defendant's motion to set aside was accordingly dismissed. No appeal was taken from that order.

On May 9, 1978, George J. Cullen entered a special and limited appearance as attorney acting on behalf of Merryman Hotel Corporation. Eight days later, plaintiff made a motion to amend process, pleadings, and judgment asking in two counts that St. Regis Hotel d/b/a St. Regis House Hotel and Merryman Hotel Corporation d/b/a St. Regis House Hotel be added to the judgment to reflect the true name of defendants already before the court. Merryman's response addressed the merits of the arbitrator's decision concerning the findings of an employer-employee relationship and restaurant operation by St. Regis House Hotel. Defendant Merryman admitted ownership of the St. Regis Hotel and acknowledged that it was doing business as the St. Regis Hotel. Plaintiff's motion to amend was denied on June 18, 1978. Appeal was taken from the order of the circuit court of Cook County.

The basic question presented by this appeal is whether, more than four years after the entry of an Illinois Industrial Commission arbitrator's award, plaintiff can amend the judgment registered with the circuit court to add St. Regis Hotel and Merryman Hotel Corporation. Plaintiff contends that these defendants were the true parties in interest from the suit's inception and so to amend the judgment would be to correct a misnomer. (Ill. Rev. Stat. 1977, ch. 110, par. 21.) Defendants counter that such an amendment would be an addition of new parties to the action and would result in substitution of defendants following final judgment. We find that the amendment should be allowed only as to the misnomer of St. Regis Hotel and denied as to Merryman Hotel Corporation.

■■ Section 21 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 21) allows the correction of misnomers at any time before or after judgment. This provision does not apply to naming the wrong parties, for which section 46 provides prejudgment relief. (Ill. Ann. Stat., ch. 110, par. 21(2), Historical and Practice Notes (Smith-Hurd Supp. 1979); see Ill. Rev. Stat. 1977, ch. 110, par. 46.) Since plaintiffs are requesting this amendment in a post-judgment motion, section 46 is inapplicable and they must proceed under section 21. The key determination therefore, is whether St. Regis Hotel or Merryman Hotel Corporation should be held to the judgment entered against St. Regis House Hotel.

■■ ■ Defendants initially attack the judgment and findings of the arbitrator in order to establish that St. Regis and Merryman were not the true parties in interest at the Industrial Commission hearing. This

collateral attack on the merits of the arbitrator's findings relative to the existence of an employer-employee relationship is improper. (See *Ahlers v. Sears, Roebuck Company* (1978), 73 Ill. 2d 259, 383 N.E.2d 207; *St. Louis Pressed Steel Co. v. Schorr* (1922), 303 Ill. 476, 135 N.E. 766.) Once a petition is filed, procedures established in the statute governing the Illinois Industrial Commission (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), must be exhausted. The Industrial Commission is established as the exclusive method of review under the Act, and therefore the proper method of attacking the arbitrator's findings on the merits is by means of direct appeal and exhaustion of administrative remedies. (*McCormick v. McDougal-Hartmann Co.* (1970), 47 Ill. 2d 340, 343-44, 265 N.E.2d 610.) Contrary to defendants' argument, the real party in interest envisioned by the misnomer amendment provision refers to whether the parties were before the court, whether they had notice of the proceedings, and whether they had an opportunity to defend. See, *e.g.*, *Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, 298 N.E.2d 395.

■█ ■ The first appearance entered by any of the named defendants was on October 27, 1977, by the St. Regis (House) Hotel. Edward F. Downey, in the verified reply to application for entry of judgment in accord with final decision of the Illinois Industrial Commission, states that he is attorney for the St. Regis Hotel and acknowledges his representation of the St. Regis (House) Hotel. This reply was not taken as a special appearance and contained no jurisdictional objection. From the nature of this verified pleading, there can be little doubt that the attorney for St. Regis Hotel understood that the pending court action was being brought against his client whether under the name of St. Regis House Hotel, St. Regis (House) Hotel, or St. Regis Hotel. Neither the reply nor the motion to set aside were entered as a special appearance. Defective notice is waived as a bar to enforcement of a judgment unless presented in a timely manner. (*Kelly v. Brown* (1923), 310 Ill. 319, 324, 141 N.E. 743.) St. Regis (House) Hotel entered a voluntary general appearance on October 27, 1977, which waived any objections it might have had to notice. See generally *Martin v. Chicago & Milwaukee Electric R.R. Co.* (1906), 220 Ill. 97, 77 N.E. 86.

■█ ■ The ultimate test of whether the error is misnomer or a material change in parties is most equitably the understanding and intent of the parties. If the error is such as to mislead the parties into thinking that another entity was meant to be served, then the mistake is material and should not be amended following final judgment. Notice sent to the St. Regis House Hotel should have alerted the St. Regis Hotel to the claim being presented before the Illinois Industrial Commission. A technical misnomer is not grounds to ignore even quasijudicial proceedings. (See, *e.g.*, *People v. Cottine* (1959), 20 Ill. App. 2d 562, 156 N.E.2d 774.)

Therefore, the amendment to add St. Regis Hotel d/b/a St. Regis House Hotel will be allowed and the dismissal by the circuit court is reversed. See *Pond v. Ennis* (1873), 69 Ill. 341; *Livestock Mortgage Credit Corp. v. Keller* (1949), 336 Ill. App. 282, 83 N.E.2d 356.

The addition of Merryman Hotel Corporation, however, is not a proper amendment under section 21. (Ill. Rev. Stat. 1977, ch. 110, par. 21.) Merryman correctly filed a special appearance to contest jurisdiction on May 9, 1978. The general rule is that a coporation, as a legal entity, has an existence distinct from all other business concerns. (See Note, *Liability of a Corporation for Acts of a Subsidiary or Affiliate*, 71 Harv. L. Rev. 1122 (1958).) Under this rule, the amendment is barred irrespective of Merryman's admitted ownership of the St. Regis Hotel. Plaintiff however contends that defendant's admissions of assumption of a fictitious name (St. Regis Hotel) in the response to the motion to amend process, pleadings and judgment should mandate a departure from the general rule. They further argue that Merryman's failure to register as doing business under the assumed name of St. Regis Hotel (Ill. Rev. Stat. 1977, ch. 96, par. 4) should allow post-judgment "boot strapping" of Merryman into the original order. The assumed-business-name statute allows suit against a noncomplying corporation in its "doing business" name when the claimant fulfills the notice requirements for this type of suit. (Ill. Rev. Stat. 1977, ch. 96, par. 8a.) The corporation can be sued in its assumed name as if it were its true corporate name if plaintiff names all known owners and designates as unknown all others. In *Curtis v. Albion-Brown's Post 590 American Legion* (1966), 74 Ill. App. 2d 144, 149-50, 219 N.E.2d 386, the purpose of the statute was delineated: "Obviously the General Assembly intended that a cause of action arising out of the conduct or transaction of business be not defeated because of the claimant's inability to identify the individuals who in fact own and conduct the business * * * ." No such claim of inability to identify the owners was presented by plaintiff from the time of naming St. Regis House Hotel to the present. There is no indication in the record that the statute was invoked or complied with at the time of the original claim. Furthermore, insufficient facts are presented to allow any conclusions as to Merryman's business relationship to St. Regis House Hotel. (See, *e.g., Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 360 N.E.2d 465; *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 309 N.E.2d 690.) We hold that to allow the amendment adding Merryman Hotel Corporation more than six years after the claim against St. Regis House Hotel would be a substitution of party defendants not envisioned by section 21 of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 21; see, *e.g., Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, 298 N.E.2d 395.

889

Therefore, we reverse the circuit court's dismissal of the motion to amend regarding St. Regis Hotel d/b/a St. Regis House Hotel but affirm that dismissal as to Merryman Hotel Corporation. The cause is remanded with directions to enter judgment not inconsistent with this opinion.

Reversed in part and remanded with directions; affirmed in part.

PERLIN and HARTMAN, JJ., concur.