ANGIE J. ASHLEY, Plaintiff-Appellant, *v.* IDA HILL *et al.*, Defendants.— (NESTER PAUL JOVANOVIC, a/k/a Paul Jovanovic, Defendant-Appellee.)

Second District    No. 80-972

Opinion filed October 29, 1981.—Rehearing denied December 4, 1981.

William L. Barr, Jr., of Steinberg, Polacek and Goodman, of Chicago, for appellant.

Michael K. Noonan, of Sullivan, Smith, Hauser and Noonan, of Waukegan, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Angie J. Ashley, appeals from an order of the circuit court of Lake County dismissing Nester P. Jovanovic as a defendant on grounds the statute of limitations barred this action against him.

On April 28, 1976, plaintiff executed a written lease of an apartment at 521 North County in Waukegan. The lessor of the property, as identified in the lease, was Paul Jovanovic of 2915 Enoch in Zion, Illinois, and it was signed by Robert E. York as agent for the owner. Defendant Nester P. Jovanovic and his wife were purchasing the property on a contract for deed executed in 1971 from defendants Ida and Leo J. Hill; this transaction was not recorded, however, and the Hills were the owners of record at the time of the relevant circumstances of this case.

Plaintiff suffered physical injury on her leased premises on November 28, 1976, and she filed a complaint on November 27, 1978, joining as parties-defendants Ida and Leo J. Hill and Paul Jovanovic, alleging they negligently maintained the property. Summons was issued directing that Paul Jovanovic be served with process at 2915 Enoch in Zion, but it was returned unserved December 28, 1978, with the notation that Paul Jovanovic was deceased. Plaintiff caused an alias summons to issue for the same-named person at the Zion address on July 27, 1979; it too was returned bearing a notation Paul Jovanovic was deceased.

Thereafter on November 9, 1979 plaintiff presented an *ex parte* motion to amend her complaint on grounds of misnomer as to Paul Jovanovic and for leave to bring her action against Nester P. Jovanovic. The trial court granted the motion, and the complaint was amended and defendant served November 12, 1979, by substituted service on his mother at his residence at 32220 Forest Drive in Grayslake, Illinois.

Defendant thereupon moved to dismiss plaintiff's action on the grounds he had been joined as a defendant after the two-year statute of limitations had expired. In response, plaintiff presented an affidavit in which she stated that she at all times intended to sue Nester P. Jovanovic but merely misnamed him. In support thereof she attached a copy of the lease which named Paul Jovanovic as her landlord and further stated that Nester P. Jovanovic had collected her rent each month and that he was known to her as Paul Jovanovic.

Defendant acknowledged that his deceased father was named Paul Jovanovic but that contrary to plaintiff's assertion he had no knowledge of anyone ever referring to him (Nester) as "Paul." Defendant's immigration and naturalization papers named him as Nester Pavle Jovanovic, but he denied his middle name actually was Paul. He asserted he had a middle initial "P" under a Serbian custom whereby persons use the first letter of their father's name as an initial and that the name Pavle was given to him by immigration officials who insisted he have a full middle name.

The circuit court granted defendant's motion to dismiss, determining the case did not involve a misnomer and that the statute of limitations had run prior to service upon defendant. The court found there was no just reason to delay enforcement or appeal, and plaintiff filed a timely notice of appeal.

Plaintiff contends this case presents only a misnomer in that she at all times intended to sue Nester P. Jovanovic. She refers to her affidavit in which she stated she intended to sue defendant, the fact that Paul Jovanovic was named as lessor in her lease and that she knew the person who collected her rent by the name "Paul." Defendant contends, however, the case is one of mistaken identity, not misnomer, and argues plaintiff's affidavit expressing her subjective intention is self-serving and cannot be considered controlling.

■■ Misnomer of a party is not a ground for dismissal of an action, and the name of a party may be corrected upon motion and proper proof. (Ill. Rev. Stat. 1979, ch. 110, par. 21(2); *A-Z Equipment Co. v. Moody* (1980), 88 Ill. App. 3d 187, 189, 410 N.E.2d 438, 440.) The misnomer rule is narrow, however, and applies only where an action is brought and summons served upon a party intended to be made a defendant (thus giving actual notice of the lawsuit against the real party-in-interest), but the process and complaint do not refer to the person by his correct name. (*Janove v. Bacon* (1955), 6 Ill. 2d 245, 250, 128 N.E.2d 706, 709; *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 566, 309 N.E.2d 690, 695, *appeal denied* (1974), 56 Ill. 2d 587.) The courts of this State have long distinguished the misnomer rule, which is applicable only to correctly joined and served but misnamed parties, from those cases where due to

mistaken identity the wrong person is joined and served. (*E.g.*, *Proctor v. Wells Brothers Co. of New York* (1914), 262 Ill. 77, 104 N.E. 186, *aff'g* (1913), 181 Ill. App. 468; *Cigan v. St. Regis House Hotel* (1979), 72 Ill. App. 3d 884, 391 N.E.2d 197.) The determination of whether a case involves misnomer or mistaken identity depends on the intent of the parties, but the subjective intention of plaintiff as to who he intended to sue has not been held controlling in the face of objective manifestations indicating an intent to sue another. *Proctor v. Wells Brothers Co.* (1914), 262 Ill. 77, 80-81, 104 N.E. 186, 187.

Plaintiff asserts that because her lease named Paul Jovanovic as lessor and she knew Nester, who collected her rent, as Paul, these factors establish she intended to sue Nester. In *Proctor v. Wells Brothers Co.* the court discussed similar circumstances which had led the plaintiff to name and serve the wrong party and fail to amend and serve the proper defendant within the statute of limitations. The court concluded the factors urged did not tend to show objectively that the plaintiff intended to sue defendant before the statute ran but, instead, did no more than explain the mistake in identity. (262 Ill. 77, 81, 104 N.E. 186, 187.) Here also the factors plaintiff sets forth do no more than explain her mistake in identifying the defendant she actually sought to sue.

Plaintiff made no effort to join or serve the proper defendant, Nester, within the statute of limitations. Rather, plaintiff sought only to serve Paul Jovanovic, once by alias summons after having been notified by return of the initial process that Paul was deceased. This circumstance suggests that at all times prior to November 9, 1979, when she first sought to amend her complaint and direct summons to Nester, plaintiff's objective intention was to sue a person named Paul Jovanovic residing in Zion who she mistakenly believed was the real party-in-interest.

Plaintiff's authorities present factual situations applying the rule of misnomer, but they must be distinguished from this case. In *Borkoski v. Tumilty* (1977), 52 Ill. App. 3d 839, 368 N.E.2d 136, *appeal denied* (1978), 67 Ill. 2d 591, plaintiff sued the real party-in-interest and served it with process within the statute of limitations so that it had notice it was being sued; however, as the defendant was misnamed in the pleadings and summons, plaintiff was allowed to amend. Here defendant was not sued and served within the statute of limitations; the wrong party was sued and attempted to be served due to a mistake in identity. Nor does *Schultz v. Gerstein* (1977), 50 Ill. App. 3d 586, 365 N.E.2d 1128, dictate a different conclusion. The court there was presented with objective manifestations that plaintiff intended to sue and had sued, but not actually served, the son rather than his father. The complaint had been directed to Donald Gerstein in his proper name but without mention of whether it was Jr. or

Sr. who was to be the defendant. After Donald, Sr., answered to the complaint, plaintiff attempted service upon the son, the real party-in-interest, on three dates within the statute of limitations.

■■ We conclude this is a case of mistaken identity rather than misnomer, and as defendant was not joined and served within the statute of limitations the trial court was correct in dismissing the action against him. See *Cooney v. McGillivry* (1978), 65 Ill. App. 3d 735, 382 N.E.2d 711; *Stevens v. Yonker* (1973), 12 Ill. App. 3d 233, 298 N.E.2d 395.

Section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(4)) affords the only relief where a plaintiff has brought his action against the wrong party, due to mistaken identity, and seeks to name the correct party after expiration of the statute of limitations. Plaintiff does not contend, however, that the requirements of section 46(4) have been met in this case. See *Solone v. Reck* (1965), 55 Ill. App. 2d 282, 204 N.E.2d 614, *appeal denied* (1965), 31 Ill. 2d 631.

Accordingly, the order of the circuit court of Lake County will be affirmed.

Affirmed.

HOPF and LINDBERG, JJ., concur.