ROBERT CLINTON, Plaintiff-Appellant, *v.* BERNARD V. AVELLO, Defendant-Appellee.

First District (4th Division)    No. 81-1101

Opinion filed March 25, 1982.—Rehearing denied May 6, 1982.

Michael Maloney, of Fishman, Fishman & Saltzberg, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

O'Brien, Redding & Hyde, of Chicago, for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

On September 2, 1976, the plaintiff, Robert Clinton, was involved in an automobile accident with Bernard J. Avello. A day before the running of the statute of limitations, September 1, 1978, the plaintiff filed suit against Bernard V. Avello. The complaint alleged that Bernard V. Avello "owned and was in the use, possession, operation, and control * * * of the vehicle involved in the accident." Bernard V. Avello is the father of Bernard J. Avello and was the owner of the vehicle. However, Bernard V. Avello was not in possession, operation and control of the vehicle as alleged in the complaint. Summons was placed for service on Bernard V. Avello and was returned as having been served on "Bernard Avello." An appearance and answer were filed on behalf of Bernard V. Avello which correctly admitted allegations concerning his ownership and incorrectly admitted his use and possession of the car on the date of the accident. Approximately a year and a half later at his discovery deposition, Bernard V. Avello stated that he was not the driver of the car. Bernard V. Avello made a motion for summary judgment which was allowed. Although the procedure is not clear, the ultimate effect of the proceedings in the trial court was to dismiss the cause of action against Bernard J. Avello because there was no misnomer.

The pivotal inquiry in dealing with an issue of misnomer is who did the plaintiff intend to sue. (*Schultz v. Gerstein* (1977), 50 Ill. App. 3d 586, 365 N.E.2d 1128; *Cigan v. St. Regis House Hotel* (1979), 72 Ill. App. 3d 884, 391 N.E.2d 197; *Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319.) To conduct this inquiry, a court must look at evidence in the record which serves as a manifestation of the plaintiff's intent. *Fitzpatrick v. Pitcairn* (1939), 371 Ill. 203, 20 N.E.2d 280; *Goff v. Will County* (1941), 311 Ill. App. 207, 35 N.E.2d 718; *Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319.

■■ The most probative evidence of who a plaintiff intended to sue is the party named by the plaintiff in the complaint. If such a party in fact exists, but is not the real party in interest, a court can conclude that the plaintiff has mistakenly sued the wrong party. *Fitzpatrick v. Pitcairn* (1939), 371 Ill. 203, 20 N.E.2d 280; *Schaffner v. B. & W. Auto Sales Co.* (1944), 321 Ill. App. 632, 53 N.E.2d 318; *Marsden v. Neisius* (1955), 5 Ill. App. 2d 396, 126 N.E.2d 44.

In the instant cause, the plaintiff named Bernard V. Avello in the complaint as the person whom he intended to sue. Bernard V. Avello exists in fact; he is the owner of the vehicle described in the complaint; summons was placed for service on Bernard V. Avello and Bernard V. Avello was served with a summons at his residence. From this evidence, it seems clear that the plaintiff intended to sue and did sue Bernard V. Avello.

■■ The plaintiff contends that he did not sue the wrong party because his complaint states that he intended to sue the person who was in the "use, possession, operation, and control * * * of the vehicle." In other words, he intended to sue the driver of the car who caused his injuries and misnamed him as Bernard V. Avello. We do not believe that such general descriptive language in a complaint is sufficient evidence of who the plaintiff intended to sue. It merely begs the question for a plaintiff to contend that he intended to sue the party who caused his injuries. (*Proctor v. Wells Bros. Co.* (1914), 262 Ill. 77, 104 N.E. 186; *Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319.) The plaintiff's rather subjective explanation of who he intended to sue cannot prevail over a somewhat more obvious conclusion that he intended to sue the specific party who he named in his complaint and who in fact exists.

The plaintiff suggests a number of other factors which appear in the record that we find to be legally irrelevant on the issue of intent. The plaintiff points to the fact that Bernard V. Avello answered the complaint admitting that he was the driver of the vehicle; that he also answered the interrogatories as if he were the driver; and that he did not clarify the fact that he was not the driver until a year and a half later. We fail to see how subsequent actions of the wrong party defendant can support the

contention of the plaintiff that he intended to sue someone other than Bernard V. Avello. However, they are pertinent to the plaintiff's estoppel argument.

The plaintiff relies on *Marsden v. Neisius* (1955), 5 Ill. App. 2d 396, 126 N.E.2d 44, in his argument that there is a misnomer. There, the plaintiff sued "C&H Transfer Company, a Wisconsin corporation." There was no corporation by that name but there was a proprietorship that operated under that name and the proprietor was Edward J. Neisius. Under the Illinois Commere Commission rules, Neisius had to appoint an agent in Illinois which he in fact did. The agent was served and the summons was forwarded to Neisius. Neisius filed an answer stating those facts. The appellate court in ruling in favor of the plaintiff said that by filing of the answer Neisius conceded that there was a misnomer and that he was the one who was intended to be sued. The obvious distinction between *Marsden* and the case at bar is that in *Marsden* the proper party to be sued was Neisius who was in fact sued and served through his properly appointed agent albeit in a wrong name. In the instant case the wrong person was sued and served. However, even in *Marsden*, the court found that Neisius was estopped from asserting that there was a misnomer only because he filed an answer. The court went on to note that but for the filing of an answer it would have held that this was a mistake and not a misnomer.

The plaintiff also makes an estoppel argument. He contends that he was forbearing in his suit against Bernard J. Avello because of the conduct of Bernard V. Avello in filing his original answer and response to interrogatories. These matters were not corrected for a year and a half. We see no forbearance on the part of the plaintiff because the suit was filed on the last day of the running of the statute of limitations and the answer was not due until well after the running of that statute.

Because we believe that neither misnomer nor estoppel apply in the instant cause, we affirm the decision of the trial court.

Affirmed.

JOHNSON and LINN, JJ., concur.