JOHN BARBOUR, Plaintiff-Appellant, v. FRED BERGLUND AND SONS, INC., Defendant-Appellee.

First District (4th Division)   No. 1—89—0659

Opinion filed December 31, 1990.

Arthur E. Engelland, of Chicago, for appellant.

Law Offices of James J. Desveaux, of Chicago (Thomas P. Mangan, of counsel), for appellee.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Plaintiff, John Barbour, filed a personal injury suit against defendant, Fred Berglund & Sons, Inc. Plaintiff's suit was dismissed on the ground that it was not filed within the time limited by law. Plaintiff appeals, contending that the trial court erred when it ruled that this case did not come within the misnomer provision of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 4—102(b)) (the Code) and was barred by the statute of limitations.

Plaintiff's case arose from an injury he suffered on June 21, 1985, when a beam collapsed and fell on him while he was working at a construction site in Chicago. Plaintiff's employer, Patent Scaffolding Co., was a subcontractor at the site.

On June 18, 1987, plaintiff filed a complaint naming Bergman Construction as the only defendant. The complaint alleged that Bergman Construction was the general contractor at the site on the date of plaintiff's injury. On the day his lawsuit was filed, plaintiff requested that summons be served on Bergman Construction at 3116 River Road in River Grove, Illinois. The sheriff's return stated that summons was served on an agent of Bergman Construction at the address given.

On December 2, 1987, plaintiff moved to quash summons, file an amended complaint and issue alias summons. The motion stated that the summons and complaint were served upon I. Bergman Construc-

tion and that I. Bergman Construction verified that it was not the defendant in this cause. Upon the granting of the motion, plaintiff filed an amended complaint against defendant, Fred Berglund and Sons, Inc. On December 17, 1987, summons was served upon Fred Berglund and Sons, Inc., at 8410 South Chicago Avenue in Chicago.

On March 10, 1988, defendant filed an appearance and a motion to dismiss in lieu of an answer. The motion asserted that Fred Berglund and Sons, Inc., was not named as a defendant in this case nor was summons issued until December 2, 1987; that the two-year statute of limitations for personal injury actions expired on June 21, 1987; and that, therefore, plaintiff's suit was barred because it was not timely filed.

On April 8, 1988, the trial court granted defendant's motion to dismiss with prejudice pursuant to section 2—619(5) of the Code. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(5).) On April 14, 1988, plaintiff moved to vacate the dismissal on the ground that he had not received notice of the motion and had no knowledge of the hearing on defendant's motion until he received a copy of the *ex parte* order granting it. Plaintiff requested vacatur of the order and leave to file a response to the motion to dismiss. Plaintiff's motion to vacate the April 8, 1988, dismissal was granted, and plaintiff was given time to file his response to defendant's motion to dismiss.

In his response, plaintiff asserted that his original naming of Bergman Construction as defendant was merely a misnomer, and that under section 2—401(b) of the Code, the case should not have been dismissed. He argued that misnomer is not a basis for dismissal, and that the error may be corrected at any time by amendment of the complaint and upon proof that summons was served on the party in interest who at all times was intended to be made the defendant, thereby giving that party actual notice of the lawsuit. Plaintiff maintained that it was his intention when he filed his original complaint to name Fred Berglund and Sons, Inc., the general contractor at the site of his injury, as the defendant in this action, but that defendant was misnamed as Bergman Construction. He further asserted that Fred Berglund and Sons, Inc., was the real party in interest, and that according to section 4—102(b), defendant was served with process and therefore had actual notice of the suit.

Attached to the response was plaintiff's affidavit in which he averred the following: that at the time of his injury he was employed by Patent Scaffolding Co., a subcontractor at the site; that he did not deal directly with the general contractor and incorrectly believed the general contractor's name to be Bergman Construction; that at no

time did Bergman Construction contract or subcontract for any work on the site; that a subsequent investigation revealed that there is no such company as Bergman Construction; and that it was never his intention to bring suit against any construction contractor other than the general contractor on the jobsite where his injury occurred, which was Fred Berglund and Sons, Inc. Plaintiff asserted that as a result of his mistaken belief that the general contractor's name was Bergman Construction, he misnamed Fred Berglund and Sons, Inc., in his complaint, but that upon discovery of the misnomer, he immediately corrected it by having his complaint amended to name Fred Berglund and Sons, Inc., as the real party in interest and by effectuating service of summons upon Fred Berglund and Sons, Inc., in accordance with the misnomer statute.

On June 14, defendant filed a motion to vacate the order of April 20 and reinstate the dismissal order of April 8. In support of its motion, defendant argued that plaintiff had failed to file his response to the motion to vacate by the date prescribed in the order. Defendant also filed a reply to plaintiff's response to the motion to dismiss. In its reply, defendant argued that the misnomer statute was not applicable because this was not a case of misnomer but, rather, a case of mistaken identity. Defendant noted that plaintiff named Bergman Construction in his original complaint and that service of summons was effectuated at the address plaintiff listed for Bergman Construction. Defendant maintained that plaintiff did not misname the correct party but, instead, named the wrong party in his complaint. Defendant argued that because it was not until after the expiration of the statute of limitations that plaintiff named and served summons upon Fred Berglund and Sons, Inc., the April 8 order dismissing the action should be reinstated.

Following a hearing on July 29, 1988, the trial court granted defendant's motion and dismissed the action with prejudice. On August 29, plaintiff filed a motion to reconsider, arguing again that this was a case of misnomer. He attached to his motion the affidavit of David Barbour, which essentially reiterated the averments in plaintiff's earlier-filed affidavit. On January 27, 1989, the trial court denied plaintiff's motion for reconsideration, and this appeal followed.

OPINION

Section 2—401(b) of the Code provides:

"Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or af-

ter judgment, on motion, upon any terms and proof that the court requires."

The rule that misnomer is not a ground for dismissal is a narrow one and applies only where an action is brought and summons is served upon a party intended to be made a defendant. In a misnomer case, actual notice of the lawsuit is given to the real party in interest, but the complaint and process do not refer to the person by his correct name. (*Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319; see also *Tyler v. J.C. Penney Co.* (1986), 145 Ill. App. 3d 967, 496 N.E.2d 323.) Courts of this State have consistently distinguished the misnomer rule from rules applicable to a mistake in identity. The misnomer statute applies only to correctly joined and served, but misnamed, parties. Mistaken identity occurs when the wrong person was joined and served. The intent of the plaintiff is a pivotal inquiry in the determination of whether a particular case involves misnomer or mistaken identity. However, the plaintiff's subjective intent as to whom he intended to sue is not controlling where the record contains objective manifestations indicating an intent to sue another. See *Hoving v. Davies* (1987), 159 Ill. App. 3d 106, 512 N.E.2d 729; *Leonard v. City of Streator* (1983), 113 Ill. App. 3d 404, 447 N.E.2d 489; *Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 434 N.E.2d 355.

The test in deciding whether the misnomer statute applies is whether the party sued is the real party in interest. (*Borkoski v. Tumilty* (1977), 52 Ill. App. 3d 839, 368 N.E.2d 136.) If section 2–401(b) applies, service of summons after the expiration of the statute of limitations does not bar the suit, provided that the plaintiff used reasonable diligence in obtaining service upon the proper defendant. However, in cases of mistaken identity, service upon the proper defendant is required before the expiration of the time provided in the statute of limitations. See *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574.

Plaintiff contends that this was a case of misnomer and that section 2–401(b) authorized the amendment of his complaint to name, and cause process to be served upon, Fred Berglund and Sons, Inc., even though the statute of limitations had expired by the time the misnomer was discovered. It is his position that the pivotal inquiry in this case, as in other misnomer cases, is whom he intended to sue. He argues that it had always been his intention to sue the general contractor on the jobsite at the time of his injuries, but that he was unaware of the general contractor's name and misnamed it as Bergman Construction.

Plaintiff concedes that if he intended to sue Bergman Construc-

tion, as the general contractor, the case would be one of mistaken identity, and the trial court's order should be affirmed. He maintains, however, that it could not have been his intention to sue Bergman Construction because it does not exist, and therefore, he could not have intended to sue a nonexisting entity. He argues that the situation in which a plaintiff has sued the wrong party because the named party does not exist is the precise purpose of the misnomer statute.

Initially, we note that we see nothing in the record referring to an "I. Bergman," whom plaintiff asserts was the party served. The original complaint named "Bergman Construction" in River Grove, Illinois, and plaintiff requested that summons be served upon "Bergman Construction" in River Grove, Illinois. The sheriff's return states that Bergman Construction was served at the River Grove address upon "Ron—Agent."

Although plaintiff strenuously asserts in his appeal that the trial court was in error when it concluded that the party named in his complaint was an existing company, in his motion to quash service upon Bergman, amend his complaint and issue alias summons upon Fred Berglund and Sons, Inc., plaintiff expressly stated in his motion:

"1. That summons and complaint was served upon I. Bergman Construction in this cause.

2. That I. Bergman Construction has verified that it is not the named defendant in this case and is not a proper party."

Plaintiff further states in his brief that "the only manifestation in this case that I. Bergman was the intended party defendant was the fact that service was erroneously made upon them in the name of Bergman Construction."

Plaintiff's statement in a formal pleading filed in the trial court and again in this appeal that Bergman Construction or I. Bergman or I. Bergman Construction was named and served, and his statement that Bergman verified that it was not the proper party, do not comport with his assertion, on which his appeal is largely based, that there is no such entity as Bergman Construction or I. Bergman Construction. It also directly contradicts the sheriff's return stating that Bergman Construction was served at the address given by plaintiff in River Grove, Illinois.

Nevertheless, irrespective of who or what I. Bergman or Bergman Construction or I. Bergman Construction in River Grove, Illinois, is or may be, plaintiff admits that none of those parties was the real party in interest in this case. We are not persuaded by plaintiff's argument that because none of these parties legally exists, he could not have intended to sue any of them. Plaintiff asserts that *Clinton v. Avello*

(1982), 105 Ill. App. 3d 336, 434 N.E.2d 355, established a two-part test to determine whether the case involved misnomer or mistaken identity. Plaintiff quotes the following passage from *Clinton* in support of his argument that there can be no mistaken identity if the party named does not exist:

> "The plaintiff's rather subjective explanation of who he intended to sue cannot prevail over a somewhat more obvious conclusion that he intended to sue the specific party who he named in the complaint *and who in fact exists.*" (Emphasis added by plaintiff.) (105 Ill. App. 3d at 338.)

We do not read the italicized language in *Clinton* as the establishment of a correlative rule, as asserted by plaintiff in his brief, that "if there is a claim of mistaken identity, then the party mistakenly identified must exist."

Even assuming, simply on the basis of plaintiff's assertion, that none of the forms of "Bergman" named above are legal entities, it has been held that where a suit is brought against an entity which is legally nonexistent, the proceedings are void *ab initio*. (*Tyler v. J.C. Penney Co.* (1986), 145 Ill. App. 3d 967, 496 N.E.2d 323.) In *Ashley v. Hill* (1981), 101 Ill. App. 3d 292, 427 N.E.2d 1319, the plaintiff named and attempted service upon a deceased, and hence, nonexistent party at an address not the address of the correct defendant. Although plaintiff eventually identified the correct party in interest, amended her complaint to name that party and served summons upon him at his residence, the court held that the misnomer statute did not apply, and because the statute of limitations had run prior to service upon the proper defendant, the court dismissed the case. Similarly, in *Dunavan v. Heritage House Nursing Home* (1984), 121 Ill. App. 3d 813, 460 N.E.2d 75, the name ascribed to the defendant nursing home was a legal nonentity and the person named as the administrator was neither the administrator nor even an employee of the nursing home. The court held that the case was one of mistaken identity, not misnomer, and affirmed the trial court's dismissal of plaintiff's amended complaint for failure to name and serve the correct defendants within the time allowed by law.

In the instant case, plaintiff was bound to bring suit against and serve summons upon the real party in interest within the two-year statute of limitations. The real party in interest in this case appears to be Fred Berglund and Sons, Inc. Thus, whether Bergman Construction or I. Bergman Construction exists, the real party in interest was neither named nor served until approximately six months after the statute of limitations had run.

As noted above, plaintiff admits, indeed emphasizes, that his employer at the jobsite was a subcontractor and that he was "unaware of the actual 'name' of the general contractor *** [and c]onsequently *** 'misnamed' the defendant Fred Berglund and Sons, Inc. as Bergman Construction." Although the language used by plaintiff is that he did not know the general contractor's "name" and "misnamed" the real party in interest as Bergman, the statement itself establishes that he was not aware of the *identity* of the general contractor. Thus, his naming of Bergman Construction was a case of mistaken identity, not misnomer.

Plaintiff's argument that because his intent was to sue the general contractor and because Fred Berglund and Sons, Inc., not Bergman Construction, was the general contractor, this case involved nothing more than misnomer is not supported by the case on which he relies. In *Clinton v. Avello* (1982), 105 Ill. App. 3d 336, 338, 434 N.E.2d 355, the court stated immediately prior to the passage cited by plaintiff and discussed earlier, that "[i]t merely begs the question for a plaintiff to contend that he intended to sue the party who caused his injuries." The *Clinton* court held that "[t]he most probative evidence of who a plaintiff intended to sue is the party named by the plaintiff in the complaint." (*Clinton*, 105 Ill. App. 3d at 338.) While plaintiff in this case may have intended to sue the party who caused his injuries, he did not do so.

In *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574, the plaintiff named "Osmond and Associates, Inc.," as the defendant and directed service to the defendant's former address in Chicago within the time allowed by the statute of limitations. The sheriff's return noted that Osmond had moved to Arlington Heights. Service was then effected upon "Stanley Osman" as agent of Osman & Associates Construction Corp. in Arlington Heights, albeit 4½ months after the running of the statute of limitations. The trial court dismissed plaintiff's action as being time barred. The appellate court reversed, finding that Osman was indeed the real party in interest and that plaintiff had merely misspelled "Osman" as "Osmond." The court also noted that the defendant entered a special appearance and motion to quash the service of summons in the name of "Osmond & Associates," rather than identifying itself as "Osman & Associates." Ruling that the case was one of misnomer, and finding that plaintiff exercised reasonable diligence in attempting service at the proper defendant's prior address and then in obtaining service at the defendant's new address, the fact that the statute of limitations had run did not bar plaintiff's action under the misnomer statute.

Here, as stated previously, plaintiff did not merely misspell the correct defendant's name or direct service to the defendant at a current or former address. Rather, plaintiff sued and served a party who was not the real party in interest at a location not the address or a former address of the real party in interest. Thus, we conclude that the misnomer statute does not apply and that the trial court correctly dismissed plaintiff's action as being barred by the statute of limitations.

For the reasons stated, the order dismissing plaintiff's action is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.